## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

RANDY C. HUFFMAN, in his official
capacity as CABINET SECRETARY OF
THE WEST VIRGINIA DEPARTMENT
OF ENVIRONMENTAL PROTECTION,
and acting on behalf of the STATE OF
WEST VIRGINIA,

Plaintiffs,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; LISA P.     Civil Case No. 2:10-cv-01189
JACKSON, in her official capacity as
ADMINISTRATOR, UNITED STATES
ENVIRONMENTAL         PROTECTION
AGENCY; UNITED STATES ARMY
CORPS OF ENGINEERS; JOHN M.
MCHUGH, in his official capacity as
SECRETARY     OF     THE     ARMY;
LIEUTENANT GENERAL ROBERT L.
VAN ANTWERP, in his official capacity
as UNITED STATES ARMY CHIEF OF
ENGINEERS    AND    COMMANDING
GENERAL OF THE UNITED STATES
ARMY CORPS OF ENGINEERS,

Defendants.


## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO INTERVENE

Plaintiff Randy C. Huffman, in his official capacity as Cabinet Secretary of the

West Virginia Department of Environmental Protection ("WVDEP"), and acting on

behalf of the State of West Virginia ("the State," and collectively, "Plaintiffs"), submits

this memorandum in opposition to the motion to intervene filed by Sierra Club, West

Virginia Highlands Conservancy, Coal River Mountain Watch, Ohio Valley

Environmental Coalition, Kentuckians for the Commonwealth, Southern Appalachian Mountain Stewards, and Statewide Organizing for Community eMpowerment (collectively "Movants").  Although those groups contend that they should be allowed to intervene as defendants in this case to express their views on the environmental harms of surface coal mining, Movants do not have a sufficient interest in the subject matter of this administrative law action to merit intervention.

Plaintiffs filed suit against Defendants, various federal agencies and officials,[1] alleging that they violated the Administrative Procedures Act ("APA") and other federal statutes in adopting and applying new review processes and standards governing the regulation of mining without following formal rulemaking procedures.  The issues raised by Plaintiffs relate to the cooperative federalism under which the federal government and the State of West Virginia regulate mining pursuant to the Clean Water Act ("CWA"), the Surface Mining Control and Reclamation Act ("SMCRA"), and the State's narrative water quality standards.  The State of West Virginia and WVDEP initiated this litigation to defend the State's regulatory programs and narrative water quality standards, and to guard against the federal government's improper usurpation of the State's role in preserving the environment.  Consequently, this controversy is best resolved *between the two sovereigns*.

Movants, who are various environmental groups that oppose surface coal mining generally and mountain top removal mining in particular, should not be given the

---

[1] Defendants are the United States Environmental Protection Agency ("EPA"), Lisa P. Jackson in her official capacity as the Administrator of EPA, United States Army Corps of Engineers ("the Corps"), John McHugh in his official capacity as the Secretary of the Army, and Lieutenant General Robert L. Van Antwerp in his official capacity as the United States Army Chief and Commanding General of the Corps (collectively "Defendants").

opportunity to distract the Court in this case with peripheral issues.  Movants' goal is to interject debate about decisions on individual permits, the environmental impacts of surface coal mining, and the scientific justification for EPA's new water quality standard based on specific conductivity.  That debate does not have a place in this case, which is about process, not permitting.  Accordingly, the motion to intervene should be denied.  In addition, and regardless of the merits of intervention, the Court should deny the motion as to four of the environmental groups because their claimed interests in this case relate to the waters of other states, not West Virginia.

## I. Procedural History

The State of West Virginia and WVDEP filed their Complaint for Declaratory and Injunctive Relief on October 6, 2010, challenging a series of ongoing, extra-regulatory actions taken by EPA and the Corps in violation of the APA, the CWA, SMCRA, and the National Environmental Policy Act ("NEPA").  The challenged agency actions began in January 2009.  On January 20, 2009, EPA sent a letter to the Corps expressing its significant concerns about a proposed surface mining operation in West Virginia.  In that letter, EPA applied specific conductivity as a water quality standard for the first time.  EPA and the Corps then instituted new review procedures using that standard by promulgating the challenged documents:  the Memorandum of Understanding ("MOU") entered into by EPA, the Corps, and the Department of the Interior on June 11, 2009; the Enhanced Surface Coal Mining Pending Permit Coordination Procedures ("ECP") adopted by EPA and the Corps on June 11, 2009; and the Detailed Guidance Memorandum ("Detailed Guidance") promulgated by EPA on April 1, 2010.  Plaintiffs challenge the federal agencies' adoption and application of those new procedures and

standards, which were implemented without following formal rulemaking procedures and without consulting the State or WVDEP.  Plaintiffs claim that those actions have invaded and usurped the authority of the State and that of WVDEP to perform necessary permitting and other certification functions related to the regulation of mining and water quality in the State.  EPA and the Corps also have attempted to override the State's EPA-approved narrative water quality standard and the State's Permitting Guidance implementing that standard by imposing an inconsistent water quality standard based on conductivity and by insisting that the State conform its permitting and regulatory programs to EPA's new conductivity standard.  Plaintiffs therefore seek declaratory and injunctive relief.   Defendants have until December 20, 2010, to file a responsive pleading.  Movants filed the instant motion to intervene on November 16, 2010.

**II. Movants Are Not Entitled to Intervene as a Matter of Right.**

Although Movants argue that they are entitled to intervention in this case as a matter of right, Movants clearly cannot satisfy the requisite standard.  Federal Rule of Civil Procedure 24(a)(2) requires the court to allow a party to intervene as a matter of right if that party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).  As the Fourth Circuit has stated,

> [t]o intervene [as] of right pursuant to Federal Rule of Civil Procedure 24(a), an applicant must satisfy *all four* of the following requirements: (1) the application must be timely; (2) the applicant must have an interest in the subject matter sufficient to merit intervention; (3) the denial of intervention would impair or impede the applicant's ability to protect its

interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation.

*Scardelletti v. Debarr*, 265 F.3d 195, 202 (4th Cir. 2001) (emphasis added), *rev'd on other grounds by Devlin v. Scardelleti*, 536 U.S. 1 (2002); *accord Kentuckians for the Commonwealth, Inc. v. Rivenburgh*, 204 F.R.D. 301, 306 (S.D. W. Va. 2001).

Movants cannot satisfy three out of the four requirements for intervention as a matter of right.[2]  First, Movants do not have a legally protected interest in the outcome of this case.  From an institutional perspective, they are concerned with the *end result* of the challenged processes, that is, the denial or issuance of particular mining permits, and not with the process itself.  Second, because Movants do not have a legally protected interest in this APA process case, it follows that denial of their motion to intervene would not impair or impede their ability to protect their interests.  With respect to Movants' stated interest—their ability to comment upon and object to the issuance of individual mining permits—nothing about this case changes their right to do so.  Third, even assuming for the sake of argument that Movants do have some sort of interest in this case, intervention nevertheless is not warranted because Movants cannot satisfy the final requirement for intervention as a matter of right.  Any interest Movants may have in this matter is more than adequately represented by the federal Defendants, who may be trusted to vigorously defend their own actions, policies, and role under the system of cooperative federalism by which the State and federal government regulate mining.

---

[2] The motion appears to be timely.

## A.  Movants do not have a significantly protectable interest in the outcome of this litigation.

First, Movants fail to demonstrate that they should be granted intervention as a matter of right because they do not have a significantly protectable interest.  To justify intervention as a matter of right, a movant must possess a "significantly protectable interest" in the outcome of the litigation.  *Donaldson v. United States*, 400 U.S. 514, 531 (1971), *superseded by statute on other grounds as stated in United States v. N.Y. Tel. Co.*, 644 F.2d 953, 956 (2d Cir. 1981); *accord JLS, Inc. v. Pub. Serv. Comm'n of W. Va.*, 321 F. App'x 286, 289 (2009); *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991).  Although the Fourth Circuit has never formulated a comprehensive definition of that requirement, it is obvious from the way that courts have applied the intervention-as-a-matter-of-right test that a potential intervenor must have a *legally protected interest* that is *closely related* to the outcome of the litigation.[3]  *See, e.g., Town of Davis v. W. Va. Power & Transmission Co., Inc.*, 647 F. Supp.2d 622, 629 (N.D. W. Va. 2007) (holding that the intervenor had a significantly protectable interest because it claimed an interest in

---

[3] The manner in which this Court and the Fourth Circuit have applied that requirement comports with the definition of "significantly protectable interest" formulated by the Ninth Circuit, which has held that an intervenor

> has a significant protectable interest in an action if (1) it asserts an interest that is protected under some law, and (2) there is a relationship between its legally protected interest and the plaintiff's claims.  The relationship requirement is met if the resolution of the plaintiff's claims actually will affect the [movant].

*S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (internal quotation marks omitted); *see also* 67A C.J.S. Parties § 104 (stating that "[t]he right or interest which will authorize a third [party] to intervene must be of a direct and immediate character, so that the intervener will either gain or lose by the direct legal operation of the judgment.  Moreover, the interest must be . . . founded on some right, claim, or lien" (footnotes omitted)).

the property that was the subject of the contract dispute and the litigation "ha[d] the potential to impair [the intervenor's] contractual interest"). For example, an intervenor possesses a significantly protectable interest if the intervenor has a financial interest in the outcome of the litigation or the litigation poses a potential for economic harm to the intervenor. *See, e.g., JLS*, 321 F. App'x at 289-90; *Feller v. Brock*, 802 F.2d 722, 729-30 (4th Cir. 1986); *Teague*, 931 F.2d at 260-61; *United States v. Exxonmobil Corp.*, 264 F.R.D. 242, 245-47 (N.D. W. Va. 2010); *J.D. ex. rel. v. Kanawha Cnty. Bd. of Educ.*, 2:06-cv-00167, 2010 WL 358853, at *1 (S.D. W. Va. Jan. 26, 2010); *Felman Prod., Inc. v. Indus. Risk Ins.*, No. 3:09-0481, 2009 WL 5064058, at *2-3 (S.D. W. Va. Dec. 16, 2009). Likewise, in the environmental litigation context, environmental groups have been found to possess a legally protected interest when they have challenged the issuance of *particular permits* or *specific discharges of pollutants* that would, if issued, impact state lands or waters where their members "visit, live near, recreate near, drive by and/or fly over."[4] *Ohio Valley Envt'l Coal. v. Hurst*, 604 F. Supp.2d 860, 876 (S.D. W. Va. 2009) (internal quotation marks omitted); *see also, e.g., S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 329 (4th Cir. 2008); *Ohio Valley Envt'l Coal., Inc. v. Hobet Mining, LLC*, 702 F. Supp.2d 644, 650 (S.D. W. Va. 2010); *Ohio Valley Envt'l Coal. v. U.S. Army*

---

[4] The "significantly protectable interest" required for intervention as a matter of right is equivalent to the "legally protected interest" required for standing—both require a legally protected interest that is in some way affected by the litigation. *See Exxonmobil*, 264 F.R.D. at 245-46 (stating that some courts have characterized the "significantly protectable interest" requirement for intervention as of right "as a 'standing' requirement"); *compare Ohio Valley Envt'l Coal., Inc. v. Hobet Mining, LLC*, 702 F. Supp.2d 644, 649 (S.D. W. Va. 2010) (describing interest needed to establish standing), *with JLS*, 321 F. App'x at 289-90 (describing what constitutes a significantly protectable interest for intervention as of right), *and S. Cal. Edison Co.*, 307 F.3d at 803 (same). Consequently, this Court's analysis of Movants' interests (or lack thereof) is the same regardless of whether Movants must establish standing in order to intervene.

*Corps of Eng'rs*, 674 F. Supp.2d 783, 799 (S.D. W. Va. 2009); *Ohio Valley Envt'l Coal. v. U.S. Army Corps of Eng'rs*, 528 F. Supp.2d 625, 630 (S.D. W. Va. 2007); *Sierra Club v. Powellton Coal Co., LLC*, No. 2:08-1363, 2010 WL 454929 (S.D. W. Va. Feb, 3, 2010).

In this case, Movants do not possess a legally protected interest.  Here, the State and WVDEP have asked the Court to determine the State of West Virginia's role in the regulation of mining under the CWA and SMCRA, and whether EPA and the Corps complied with the APA and other federal statutes in implementing the more stringent review of mining permits under the MOU, the ECP, and the Detailed Guidance.  This case involves West Virginia's role in regulating mining and in protecting the State's environment and, conversely, the scope of the federal government's role in the regulatory process.  As a result, the only parties who do have a legally protected interest in this case are the existing parties—the State of West Virginia, its administrative agency, and the federal Defendants.

When the issues raised by Plaintiffs in this process challenge are compared with Movants' claimed interests, it is evident that Movants' claimed interests are far too removed from this litigation to justify intervention.  Specifically, Movants assert that they have an interest in this case because they work to protect the environmental, recreational, and aesthetic values of their members, and because their members oppose mountaintop removal mining and are concerned about the impact of mining on the integrity of streams and associated natural resources.  Accordingly, Movants argue that they should be allowed to intervene because those streams and adjacent lands may be impacted by individual permitting decisions made at the end of the agencies' review.  *See* Mem.

Support Mot. Intervene at 7, 9-10.  But those interests are too attenuated to justify intervention.  *See Nat'l Ass'n of Home Builders v. Evans*, No. 00-cv-2799, 2002 U.S. Dist. LEXIS 25521, at *10-17 (D.D.C. Mar. 24, 2002) (holding that, in a process challenge, the intervenors did not have a legally protected interest in part because the intervenors' environmental concerns were collateral).   In addition, Movants make assertions that are rife with hyperbole, such as their categorization of the timetable established by Congress in the CWA—33 U.S.C. § 1344(q) —as "arbitrary," and their fatalistic claim that "[i]f the EPA and Army Corps are not allowed to conduct their coordinated review . . . [the groups' members] ability to use and enjoy [the land] will be significantly impaired."[5]  Mot. Intervene Ex. 9 (Handshoe Decl. ¶ 3); Mem. Support Mot. Intervene at 2.  In fact, Movants wish to intervene in this case to raise arguments about the environmental impacts of particular permits, the desirability of surface mining techniques, and the validity of applicable science, none of which are at issue here. Because those issues will distract the Court from the real controversy, the motion to intervene should be denied.

> **B. Movants also cannot show that their interests will be impaired if they are denied intervention.**

Secondly, Movants cannot demonstrate that their interests will in any way be impaired if they are not permitted to intervene in this litigation.  Because Movants do not have a legally protected interest in this APA process case, it follows that denial of their motion to intervene would not impair or impede their ability to protect their interests.

---

[5] It is also worth nothing that, even though Movants seem to believe that if Plaintiffs prevailed in this case, EPA would have no say in mining permits, nothing in this litigation would take away EPA's ability to communicate with the Corps about proposed permits under Sections 404(a) and 404(c) of the CWA.

The only interest that Movants possess that arguably is germane to this case is the right shared by the public and Plaintiffs to comment on proposed agency rules under the APA.  *See* 5 U.S.C. § 553.  To the extent that Movants assert that interest to justify intervention, which is not entirely clear, Movants share the right with the public at large. And an interest shared by the general public does not confer a right to intervention.  *See Evans*, 2002 U.S. Dist. LEXIS 25521, at *10-11; *see also S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002); *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 948 (7th Cir. 2000); *cf. In re Sierra Club*, 945 F.2d 776, 780 (4th Cir. 1991) (stating that a government represents all of its citizens).  Moreover, that interest is not placed in jeopardy by this litigation, but would be enhanced if Plaintiffs prevail, since Defendants are applying extra-regulatory processes and standards that did not undergo public comment before they were put into practice.  Intervention is simply not appropriate because "nothing in this suit will eviscerate [Movants'] right to comment on the agenc[ies'] [actions]." *Evans*, 2002 U.S. Dist. LEXIS 25521, at *11.

Moreover, nothing in this case will affect or prejudice what appears to be Movants' genuine underlying interest in commenting upon and objecting to the issuance of individual mining permits.  *See* 33 U.S.C. § 1344(a); 33 C.F.R. § 325.2(a), (d); *id*. § 325.3.

### C. Intervention as a matter of right should also be denied because Defendants will more than adequately represent any interests that Movants may have in this case.

This Court also should deny Movants' motion for intervention as a matter of right because Movants seek *exactly* the same ultimate result in this case as the existing Defendants.  Movants and Defendants both aim to defeat Plaintiffs' challenge to the

MOU, the ECP and the Detailed Guidance, and seek to maintain EPA and the Corps' extra-regulatory review of mining permits and application of EPA's new conductivity standard.  That being the case, Defendants more than adequately represent the Movants' interests and intervention is not appropriate.

Adequate representation "is a matter of some consequence in the Rule 24(a)(2) calculus." *Acadian Energy Res., LLC v. Carpenter*, No. 2:09-00150, 2009 WL 5217676, at *5 (S.D. W. Va. Dec. 31, 2009).   Although Movants need only show that "representation of [their] interest[s] may be inadequate," *Kentuckians for the Commonwealth*, 204 F.R.D. at 306 (internal quotation marks omitted), because Movants promote the precisely the same outcome as Defendants, there is a presumption that Defendants adequately represent their interests.  *See Aluminum Co. of Am. v. Utilities Comm'n of State of N.C.*, 713 F.2d 1024, 1025 n.1 (4th Cir. 1983) ("not[ing] that the interests of the existing plaintiffs and the movants coincide and that the plaintiffs adequately have represented those interests"); *see also JLS*, 321 F. App'x at 289; *Wade v. Goldschmidt*, 673 F.2d 182, 186 n.7 (7th Cir. 1982); *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976); *Bragg v. Robertson*, 183 F.R.D. 494, 496 (S.D. W. Va. 1998).  To overcome that presumption, "the [M]ovant[s] must show adversity of interest, collusion, or nonfeasance."  *JLS*, 321 F. App'x at 289; *accord Goldschmidt*, 673 F.2d at 186 n.7; *Virginia*, 542 F.2d at 216; *Bragg*, 183 F.R.D. at 496; *Acadian Energy Res.*, 2009 WL 5217676, at *5.  Moreover, although the Movants must only make a "minimal showing" that their interests are not adequately represented by Defendants, their burden "cannot be treated as so minimal as to write the requirement completely out of the rule."  *Bragg*, 183 F.R.D. at 496 (internal quotation marks omitted).  Indeed, this

Court has not hesitated to hold potential intervenors to their burden.  *See Acadian Energy Res.*, 2009 WL 5217676, at *5.

Movants cannot overcome that presumption—they have failed to show adversity of interest, collusion, or nonfeasance.  Movants cannot demonstrate adversity of interest because Movants seek "no relief other than that which [Defendants] seek[] for [themselves]."  *Virginia*, 542 F.2d at 216.  This is not a case where Movants have "differing and conflicting interests" or "divergent interests" in the outcome of the litigation with that of an existing defendant.  *Town of Davis*, 647 F. Supp.2d at 630; *Kentuckians for the Commonwealth*, 204 F.R.D. at 306.  Rather, Movants and Defendants both seek to defend the same challenged agency actions and standards.

Although Movants do not allege collusion, they do claim, without clear factual support, that Defendants will not vigorously seek to defend their own actions in promulgating the challenged documents and following the process at issue here.  That argument is unpersuasive.  Movants may well be right that EPA and the Corps may not agree on whether a particular permit should be issued.  But this is not the case at hand. Here, EPA and the Corps have acted jointly and may be trusted to "speak with one voice" to vigorously defend their own actions, polices, and role in the regulatory process, notwithstanding Movants' litigation history involving the Corps' issuance of particular permits.  In sum, Movants have failed to demonstrate that there is any difference in this case between their purported interests and those of Defendants.  *See Humane Soc'y of U.S. v. Clark*, 109 F.R.D. 518, 520-21 (D.D.C. 1985).  Because Movants have failed to satisfy three out of the four mandatory requirements for intervention as a matter of right, their motion should be denied.

### III. Movants Should Not Be Granted Permissive Intervention.

For these same reasons, this Court should exercise its discretion to deny Movants' request for permissive intervention. Rule 24(b) allows permissive intervention, upon a timely motion, to anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). In evaluating a motion for permissive intervention, the court "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *In re Sierra Club*, 945 F.2d at 779 (internal quotation marks omitted). In making that decision, "[d]istrict courts . . . are vested with substantial discretion to deny permissive intervention where inappropriate . . . ." *Shaw v. Hunt*, 154 F.3d 161, 168 (4th Cir. 1998).

The issues to be decided in this case are whether EPA and the Corps violated the APA, the CWA, SMCRA, and NEPA when they adopted and began to apply the challenged agency documents, standards, and extra-regulatory review processes. Those issues are fundamentally about process. Movants, on the other hand, seek to intervene in this case to raise issues fundamentally about substance. If granted entrance into this litigation, Movants will introduce debate about the relevant science and the end result of that process (that is, the issuance or denial of particular permits and their impact on West Virginia's land and waters). Those issues, although important and worthy of discussion in another forum on another day, are peripheral to this case and would unduly complicate and delay the resolution of this litigation. For that reason, "it cannot be said that any of the [Movants'] claims or defenses and the present action have a question of law or fact in common as to satisfy the requirement for permissive intervention pursuant to Rule 24(b)(2)," *Goldschmidt*, 673 F.2d at 186-87 (footnotes omitted), and the Court should not

grant Movants permissive intervention, *see S. Cal. Edison Co.*, 307 F.3d at 803-04

(holding that the district court did not err in denying permissive intervention because the

proposed intervenors' "concerns . . . are sufficiently different from the issues in the

underlying action"); *Stokes v. Westinghouse Savannah River Co.*, 206 F.3d 420, 431 (4th

Cir. 2000) (affirming district court's denial of permissive intervention because the

circumstances of the potential intervenors' employment and layoff differed from those of

the existing plaintiffs). Granting the motion to intervene would introduce new issues that

"would change the contours of this lawsuit and would be unfair to Plaintiffs." *Evans*,

2002 U.S. Dist. LEXIS 25521, at *18 (denying motion for permissive intervention

because the issue raised was "collateral to the issue currently pending before the

Court").[6]

**IV. The Court should deny the motion to intervene as to four of the environmental groups because they do not have any connection to the waters of the State.**

Regardless of this Court's finding as to the merits of intervention, the Court

should deny the motion as to four of the environmental groups because they fail to show

any connection whatsoever to the waters of West Virginia or proposed mining operations

located in West Virginia. In reviewing a motion to intervene, the Court should determine

whether *each* potential intervenor has a legally protected interest. *See, e.g., Exxonmobil*,

264 F.R.D. at 243, 247 (in granting motions to intervene, stating that "*both* [movants]

have significantly protectable interests in the outcome of the present litigation that permit

intervention as a matter of right" because "the right of contribution held by [both

---

[6] Moreover, Plaintiffs have reason to believe that allowing these environmental groups to intervene would likely encourage other groups to intervene in this litigation, including private mining companies or industry associations. None of those groups have the same role or interest in the cooperative federalism process under which West Virginia and the federal government are the only entities with regulatory authority.

movants] . . . is a valuable interest that *each* would lose" if the court denied intervention (emphasis added)); *Ohio Valley Envt'l Coal. v. U.S. Army Corps of Eng'rs*, 243 F.R.D. 253, 255 (S.D. W. Va. 2007) ("*Each* of the applicants satisfy the requirements of Fed. R. Civ. P. 24(a)(2) to intervene as a matter of right." (emphasis added)).

As Plaintiffs discussed at length in their Memorandum in Opposition to Motion to Transfer [Docket No. 8], this is a case about West Virginia water quality standards and regulatory programs—the State of West Virginia seeks to challenge Defendants' application of the challenged agency actions and new conductivity standard to West Virginia permits, regulatory programs, and standards.   Therefore, to the extent that Movants have any interest in the outcome of this litigation, they must demonstrate an interest in *West Virginia*.   The Sierra Club, Kentuckians for the Commonwealth, Southern Appalachian Mountain Stewards, and Statewide Organizing for Community eMpowerment have failed to demonstrate such an interest.   Those groups have demonstrated an interest only in *other* states—namely, Kentucky, Tennessee, and Virginia.[7]  *At a minimum*, then, this Court should deny the motion to intervene as to those

---

[7] In evaluating what interests, if any, each environmental group has in the outcome of this litigation, this Court should carefully examine the declarations attached to the motion to intervene.  *See Bragg*, 183 F.R.D. at 496-97 (discussing affidavits submitted in support of motion to reconsider denial of intervention).   That examination will reveal that the declarations submitted by Sierra Club discuss that group's interest in challenging thirteen pending permit applications from Kentucky, *see* Mot. Intervene, Ex. 5 (Hopkins Decl. ¶¶ 6, 13), and its Appalachia-wide challenges to the regulation of surface mining, *id*. ¶¶ 6-8. But Sierra Club has not made any effort to demonstrate a specific connection to West Virginia.  *See id.* ¶ 12 (discussing members' declarations that reference proposed mines in Kentucky); *see also* Ex. 6 (Shadowen Decl.) (describing Sierra Club member's recreational trips in eastern and southern Kentucky and his concern regarding pending permits for mining operations in eastern Kentucky); Ex. 7 (Boldman Decl.) (describing Sierra Club member's recreational trips and aesthetic interest in land in eastern Kentucky and his concern regarding pending permits for mining operations in that area); Ex. 9 (Handshoe Decl.) (same).   Similarly, members' declarations from Kentuckians for the

four groups because they have not demonstrated any interest in West Virginia's waters or pending permits from this State.

## V. Conclusion

Because Movants seek to interject issues that do not belong in this process challenge, the motion to intervene should be denied. This controversy is best resolved between the existing parties—two governments who share responsibility for regulating mining and controlling water pollution.[8]

> RANDY C. HUFFMAN, in his official capacity as
> CABINET SECRETARY OF THE WEST VIRGINIA
> DEPARTMENT OF ENVIRONMENTAL PROTECTION,
> and acting on behalf of the STATE OF WEST VIRGINIA,

---

Commonwealth only discuss land and proposed mining operations in Kentucky, *see* Ex. 8 (Boyce Decl.); Ex. 9 (Handshoe Decl.), the declarations submitted by the Southern Appalachian Mountain Stewards only reference land and mining operations in Virginia, *see* Ex. 10 (Branham Decl.); Ex. 11 (Mullins Decl.), and the declaration submitted from a member of the Statewide Organizing for Community eMpowerment only references Tennessee watersheds and land, *see* Ex. 12 (Bird Decl.).

[8] At the very least, should this Court decide to grant the motion, Plaintiffs request that the Court impose limitations on Movants' participation in order to reduce duplicative filings and arguments, and to exclude irrelevant arguments about the validity of the applicable science or the desirability of certain mining methods. For example, in the District of Columbia action filed by the National Mining Association—a group whose interests are similar in kind to those held by the environmental groups because NMA as a rule seeks to obtain all mining permits while the environmental groups as a general matter oppose all mountaintop removal mining permits—the district court granted the environmental groups' motion to intervene subject to certain filing conditions. *See Nat'l Mining Ass'n v. Jackson et al.*, 1:10-cv-01220 (Order, filed Nov. 8, 2010); *see also* 7C Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure, § 1922 (discussing the court's ability to impose filing and other conditions on intervenors). Because that court was "concerned about the additional burden it would incur from having to review duplicative independent submissions by each of the intervenors and the unnecessary burden this would impose on the Court's limited resources," it stated that the intervenors could submit separate filings only if a position that they advance differs from that of the defendants or any other intervenor and provided that such filing is limited to the matters on which there is disagreement. *Id.* at 3. Notably, the intervenors have objected to those conditions and are seeking modification of the court's order.

Plaintiffs, by Counsel


/s/Benjamin L. Bailey
Benjamin L. Bailey, Esq. (WVSB #200)
Sherrie A. Armstrong, Esq.. *Pro Hac Vice pending*
Bailey & Glasser LLP
209 Capitol Street
Charleston, West Virginia 25301
(304) 345-6555
(304) 342-1110 *facsimile*

Kristin A. Boggs, Esq. (WVSB #10015)
General Counsel
West Virginia Department of Environmental Protection
601 57th Street
Charleston, West Virginia  25304
(304) 926-0440
(304) 926-0447 *facsimile*


Dated:  November 30, 2010

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

RANDY C. HUFFMAN, in his official
capacity as CABINET SECRETARY OF
THE WEST VIRGINIA DEPARTMENT
OF ENVIRONMENTAL PROTECTION,
and acting on behalf of the STATE OF
WEST VIRGINIA,

     Plaintiffs,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; LISA P.
JACKSON, in her official capacity as     Civil Case No. 2:10-cv-01189
ADMINISTRATOR, UNITED STATES
ENVIRONMENTAL PROTECTION
AGENCY; UNITED STATES ARMY
CORPS OF ENGINEERS; JOHN M.
MCHUGH, in his official capacity as
SECRETARY OF THE ARMY;
LIEUTENANT GENERAL ROBERT L.
VAN ANTWERP, in his official capacity
as UNITED STATES ARMY CHIEF OF
ENGINEERS AND COMMANDING
GENERAL OF THE UNITED STATES
ARMY CORPS OF ENGINEERS,

     Defendants.

## <u>CERTIFICATE OF SERVICE</u>

 I HEREBY CERTIFY that on this 30th day of November, 2010, I filed the

foregoing "PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO

INTERVENE" using the Court's CM/ECF system which will cause a copy to be served

upon below named counsel:

Cynthia J. Morris, Esquire
Kenneth C. Amaditz, Esquire
Environmental Defense Section
P.O. Box 3986
Washington, DC 20026-3986
*Counsel for United States Environmental Protection Agency, et al., Defendants*

Derek O. Teaney, Esquire
Joseph M. Lovett, Esquire
Appalachian Center for the Economy & the Environment
P.O. Box 507
Lewisburg, WV 24901
*Counsel for Sierra Club, et al., Movants-Defendant-Intervenors*

/s/Benjamin L. Bailey
Benjamin L. Bailey